UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| CHARLES B. JONES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 04-1696 (RMU) |
| | : | | |
| v. | : | Document No.: | 18 |
| | : | | |
| ALAN GREENSPAN, Chairman of | : | | |
| The Board of Governors of the | : | | |
| Federal Reserve System, | : | | |
| | : | | |
| Defendant. | : | | |

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

### I. INTRODUCTION

This employment discrimination case comes before the court on the plaintiff's motion to amend the complaint. The plaintiff alleges that the defendant, the Federal Reserve System, retaliated against him after he filed charges of age and gender discrimination with the Equal Employment Opportunity Commission ("EEOC"). The plaintiff now moves the court for leave to add claims of age and gender discrimination to the complaint. Because the amendment relates back to the original complaint and because the proposed amendment is not futile, the court finds no reason to depart from the traditional practice that motions to amend be freely given. Accordingly, the court grants the plaintiff's motion.

## II.  BACKGROUND

### A.  Factual Background

The plaintiff, a certified public accountant, was born on May 30, 1948. *Jones v. Greenspan*, 402 F. Supp. 2d 294, 296 (2005). He began working at the defendant's Division of Reserve Bank Operations and Payment Systems in April 1991. *Id.* In July 1993, the plaintiff transferred to the Division of Banking Supervision and Regulation at grade level FR-27. *Id.*

The plaintiff alleges that in March 1998, Michael Martinson, his then-supervisor, denied him a promotion to a managerial position at the FR-29 grade level, and instead selected Heidi Richards, "a woman in her early thirties." *Id.* Concerned that his supervisor was "effectuating [d]efendant's policy of promoting young women to positions of management," the plaintiff approached Martinson after Richards' selection. *Id.* In response to the plaintiff's concerns, in May 1998, Martinson allegedly "assured" the plaintiff that he would receive a promotion to grade level FR-28. *Id.*

"Having not received the promised promotion by September 1998," the plaintiff approached Martinson to inquire about the status of the promotion to the FR-28 grade level. *Id.* Martinson "assured" the plaintiff that "he would be promoted with the next group of promotions." *Id.* The plaintiff alleges that during this time period, Martinson "effectively demoted [him] by stripping him of his primary job duties and reassigning them to Mrs. Richards." *Id.* at 296-97.

"Based on Mr. Martinson's assurances that a promotion was forthcoming, [the plaintiff] did not pursue the matter with the [d]efendant's EEOC office." *Id.* at 297. On October 7, 1999, Martinson promoted a group of individuals. *Id.* The plaintiff, however, was not one of those

individuals.  *Id*.  Martinson explained that he could not justify the plaintiff's promotion "because of his recently truncated work responsibilities."  *Id.*

Soon afterwards, in November 1999, the plaintiff filed an informal charge with the defendant's EEOC office alleging age and gender discrimination.  *Id*.  The plaintiff filed a formal discrimination charge in January 2000.  *Id*.

### B.  Procedural Background

On July 9, 2004, the plaintiff received a Notice of Final Agency Action dismissing his EEOC discrimination charges as untimely.  *Id*.  The plaintiff filed a complaint in this court on October 4, 2004.  *Id.*  The complaint alleged that his supervisor unlawfully retaliated against him by lowering his performance ratings in 2000, 2001, 2002, and 2003, in violation of Title VII, 42 U.S.C. §2000e-1 *et seq*. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §633a *et seq.  Id.*

On June 14, 2005, the defendant filed a motion to dismiss and for summary judgment.  While awaiting the court's summary judgment ruling, the plaintiff filed a motion to amend the complaint.  On December 13, 2005, the court granted summary judgment for the defendant on all of the counts except the count alleging that the plaintiff's 2000 performance evaluation was retaliatory.  The court now turns to the plaintiff's motion.

### III.  ANALYSIS

Because the plaintiff's complaint only contains claims for retaliation, he now moves the court to add the "underlying complaints of age and gender discrimination that led to the retaliatory acts discussed in the complaint."  Pl.'s Mot. to Am. Compl. ("Pl.'s Mot.") at 1.

Specifically, the plaintiff moves to add claims of age and gender discrimination to his claim that his March 1998 non-promotion to the FR-29 managerial position was retaliatory. The defendant makes two arguments in opposition to the plaintiff's motion. First, the defendant argues that the amended complaint is time-barred because the plaintiff did not file a suit alleging age and gender discrimination within ninety days of receiving the Notice of Final Agency Action. Def.'s Opp'n at 4. The plaintiff concedes that he did not file a suit alleging age and gender discrimination within ninety days of receiving the Notice of Final Agency Action, but argues that the amended complaint is timely because the age and gender discrimination claims relate back to the original retaliation complaint, which he timely filed. Pl.'s Mot. at 7. Second, the defendant argues that the amended complaint is futile because the plaintiff did not contact an EEOC counselor within forty-five days of the allegedly discriminatory incident. Def.'s Mot. at 2. The plaintiff, however, contends that "the 45-day time limit should not apply because it was the Defendant's own misconduct that prevented [him] from timely complaining of the discrimination." Pl.'s Reply at 6. Because the amended complaint relates back to the original complaint, and because the amended complaint is not futile, the court grants the plaintiff's motion to amend the complaint.

### A. Legal Standard to Amend the Complaint Pursuant to Rule 15(a) and 15(c)

Under Federal Rule of Civil Procedure 15(a), a party may amend his complaint once as a matter of course at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). Once a responsive pleading is filed, a party may amend the complaint only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must heed Rule 15's mandate that leave is to be

"freely given when justice so requires." FED. R. CIV. P. 15(a); *Foman*, 371 U.S. at 182; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman*, 371 U.S. at 182.  Denial of leave to amend therefore constitutes an abuse of discretion unless the court gives sufficient reason, such as futility of amendment, undue delay, bad faith, dilatory motive, undue prejudice, or repeated failure to cure deficiencies by previous amendments.  *Id*.; *Caribbean Broad. Sys.*, 148 F.3d at 1083.

Rule 15(c) allows a plaintiff to amend his complaint to add a claim or defense when that claim or defense "arose out of the conduct, transaction, or occurrence" set forth in the original pleading.  FED. R. CIV. P. 15(c);  *United States v. Hicks*, 283 F.3d 380, 388 (D.C. Cir. 2002) (discussing the relation-back doctrine).  Typically, amendments that build on previously alleged facts relate back.  *Hicks*, 283 F.3d at 388.  But "those that significantly alter the nature of a proceeding by injecting new and unanticipated claims are treated far more cautiously." *Id*. Courts inquire into whether the opposing party has been put on notice regarding the claim.  6A FED. PRAC. & PROC. CIV. 2d § 1497.  If the alteration is "so substantial that it cannot be said that defendant was given adequate notice . . . then the amendment will not relate back and will be time barred if the limitations period has expired." *Id.*

### B. The Amended Complaint Relates Back to the Original Complaint

The amended complaint relates back to original complaint because it "ar[i]ses out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original complaint." FED. R. CIV. P. 15(c)(2).  The allegedly discriminatory non-promotion to the FR-29

position occurred in March 1998. *Jones*, 402 F. Supp. 2d at 296. In November 1999, the plaintiff filed an EEOC charge alleging age and gender discrimination based on Martinson's failure to promote him to the FR-29 position. *Id*. Thereafter, Martinson allegedly gave the plaintiff diminished performance evaluations in retaliation for filing the EEOC charge. *Id*. The plaintiff's suit in this court alleges that the defendant retaliated against the plaintiff for filing the EEOC charge.

The defendant argues that the allegedly discriminatory acts that led the plaintiff to file the EEOC charge are not related to the acts of retaliation that took place after the plaintiff filed the EEOC charge. Def.'s Opp'n at 5. The close relationship between the allegations of discriminatory non-promotion and the alleged retaliation, however, make them part of a "common core of operative facts."[1] *Mayle v. Felix*, 125 S. Ct. 2562, 2574 (2005) (reaffirming that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order"). In particular, the amended complaint "expands upon" and "clarifies" facts alleged in the original complaint. *Hicks*, 283 F.3d at 388 (stating that "amendments that expand upon or clarify facts previously alleged will typically relate back"). For example, the original complaint states that the plaintiff is filing an action for injuries "sustained as a result of the Defendant's unlawful retaliation against him for his

---

[1] The defendant argues that the two-year gap between the allegedly discriminatory non-selection and the first instance of retaliation demonstrate that they are not part of the same transaction. In support of its argument, the defendant cites *Mayle v. Felix* for the proposition that an amendment does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Def.'s Opp'n at 3 (citing *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005)). The Supreme Court in *Mayle*, however, applied the "time" and "type" distinction in the context of habeas petitions, not "ordinary civil proceedings." *Id*. at 2569-70. In fact, the Court reaffirmed that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id*. at 2574.

objection to the discrimination" and that the plaintiff filed a charge with the EEOC office raising "claims of age discrimination, gender discrimination, and retaliation." Compl. ¶¶ 1, 9. The proposed amended complaint expands upon the allegations of discrimination by describing them in more detail. Pl.'s Mot., Ex. 1 ¶¶ 6 -19. Thus, the plaintiff's proposed amended complaint relates back to the complaint because the allegations of discrimination and the discrimination claims arise from facts set out in the initial complaint. *Dean v. United States*, 278 F.3d 1218, 1222 (11th Cir. 2002) (noting that "[o]ne purpose of an amended claim is to fill in facts missing from the original claim").

    The defendant, moreover, was on notice of the age and gender discrimination allegations. The plaintiff informed the defendant that he "intends to pursue all of the claims that he raised before the EEOC, including, but not limited to, his claims of age discrimination." Notice of Intent to Sue at 1. Additionally, the complaint contains numerous references to the alleged discriminatory activity and put the defendant on notice of potential discrimination claims. Compl. ¶¶ 1, 9, 13, 16; *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150 n.3 (1984) (stating that "[t]he rationale of Rule 15(c) is that a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide); *see also Hicks*, 283 F.3d at 388 (reasoning that "in cases in which notice has been afforded, for example where the amendment seeks merely to elaborate upon his earlier claims, this effort should not generally be barred by the statute of limitations"). Because the amended complaint builds on previously alleged facts and because the defendant had notice of the discrimination claims, the amended complaint relates back to the original complaint.

### C.  The Amended Complaint is Not Futile

The defendant also argues that the amendment is futile because the plaintiff did not timely exhaust his administrative remedies.  Def.'s Mot. at 7.  In particular, the defendant points out that the plaintiff did not contact an EEOC counselor until November 1999, more than forty-five days after the March 1998 non-promotion.  The plaintiff admits that he did not present his concerns to an EEOC counselor with the 45-day limit required under the rules of the Board and the EEOC.  Pl.'s Mot. at 5.  He argues, however, that Martinson "mislead" and "dissuaded" him from contacting an EEOC counselor by falsely promising future promotions.  *Id*. at 11.

Like a statute of limitations, the requirement of filing a timely administrative complaint is "subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 392 (1982).  Equitable estoppel "prevents a defendant from asserting untimeliness where the *defendant* has taken active steps to prevent the plaintiff from litigating in time." *Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C. Cir. 1998) (emphasis in original).  Additionally, "an employer's affirmatively misleading statements that a grievance will be resolved in the employee's favor can establish equitable estoppel." *Id.* at 1368.  The reasoning behind this is that "[u]nder those circumstances, an employee understandably would be reluctant to file a complaint with the EEOC for fear he would jeopardize his chances to gain relief voluntarily." *Id.*; *see also Chung v. Dep't of Justice*, 333 F.3d 273, 279 (D.C. Cir. 2003).

According to the plaintiff, Martinson's promises to recommend him to a promotion to the FR-28 level dissuaded him from pursuing his claims of non-selection to the FR-29 position. *Id*.  Immediately following the plaintiff's non-promotion to the FR-29 position in March 1998, Martinson allegedly assured the plaintiff that he had "recommended [him] for a FR-28

promotion." *Jones*, 402 F. Supp. 2d at 296. Later that year, Martinson allegedly assured the plaintiff that "he would be promoted within the next group of promotions." *Id.* In both May and June of 1999, Martinson again allegedly assured the plaintiff that he would be promoted within the next promotion group. Pl.'s Mot. at 4.

The defendant counters that a promise of a promotion to a Grade 28 position would not "have changed the alleged discriminatory selection of a younger woman to a Grade 29 position." Def.'s Opp'n at 9-10. While a promotion to an FR-28 position may not have remedied the plaintiff's non-selection to the FR-29 position, an employee in the plaintiff's position would understandably be reluctant to bring an EEOC charge for fear of jeopardizing the promised promotion, even if the promised promotion was not the one he desired. Thus, the supervisor's alleged promises are "affirmatively misleading statements" suggesting that the non-promotion would be resolved in the plaintiff's favor. *Currier,* 159 F.3d at 1368; *see also Sanders v. Veneman*, 131 F. Supp. 2d 225, 230 (D.D.C. 2001) (tolling the timely filing requirement where the plaintiff's supervisor made repeated promises of an eventual promotion). *Id.* Accordingly, the court concludes that the amended complaint is not futile.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the plaintiff's motion to amend the complaint. An order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of August, 2006.

RICARDO M. URBINA
United States District Judge
